**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| THOMAS ALLUM and<br>KIM ELIZABETH ALLUM | §<br>§<br>§ | |
|    Plaintiffs, | §<br>§ | **CASE NO. 4:17-cv-3294** |
| v. | §<br>§ | |
| WRIGHT NATIONAL FLOOD<br>INSURANCE SERVICES, LLC and<br>TEXAS DIRECT INSURANCE<br>AGENCY, L.P. | §<br>§<br>§<br>§<br>§ | |
|    Defendants. | §<br>§ | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Wright National

Flood Insurance Services, LLC ("WNFIS")[1] and Wright National Flood Insurance Company

("Wright National"), a Write-Your-Own ("WYO") Program carrier participating in the U.S.

Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood

Insurance Act of 1968, as amended,[2] appearing herein in its "fiduciary"[3] capacity as the "fiscal

agent of the United States,"[4] and files this Notice of Removal, removing the state court action

---

[1] Plaintiffs have improperly named Wright National Flood Insurance Services, LLC (WNFIS) as the Defendant in this matter. The Standard Flood Insurance Policy (SFIP) which forms the basis for this action was issued by Wright National Flood Insurance Company, in its capacity as a Write-Your-Own Program Carrier participating in the U.S. Government's National Flood Insurance Program, not by WNFIS. For reference, the SFIP Renewal Declarations Page for SFIP Policy Number 42 1150786392 05 (mentioned in paragraph 4.1 of Plaintiffs' Original Petition) issued by Wright National Flood Insurance Company on January 10, 2017, is attached hereto as **Exhibit D**. SFIP Policy Number 42 1150786392 05 subsequently was canceled and changed to a Standard rated SFIP, and a new SFIP (Policy Number 1151450029 00) was issued by Wright National Flood Insurance Company with an effective date of February 9, 2017, as indicated in the Notice, SFIP Declarations Page, and Cancellation Notice attached hereto as **Exhibit E**, **Exhibit F**, and **Exhibit G**, respectively. SFIP Policy Number 1151450029 00 subsequently was amended effective 4/10/2017 and 5/10/2017, as indicated in the Amended Flood Declarations attached hereto as **Exhibit H** and **Exhibit I**.

[2] 42 U.S.C. § 4001 *et seq.*

[3] 44 C.F.R. § 62.23(f).

[4] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005).

entitled "*Thomas Allum and Kim Elizabeth Allum v. Wright National Flood Insurance Services, LLC and Texas Direct Insurance Agency L.P.*," bearing Docket Number 2017-65258, pending the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.  An index of documents being filed contemporaneously with this Notice is attached at **Exhibit A**.  In support of the instant Notice of Removal, the Defendant respectfully represents as follows:

I.

On or about October 2, 2017, Plaintiffs Thomas Allum and Kim Elizabeth Allum ("Plaintiffs") filed the instant action styled "*Thomas Allum and Kim Elizabeth Allum v. Wright National Flood Insurance Services, LLC and Texas Direct Insurance Agency L.P.*," bearing Docket Number 2017-65258, pending in the 190th Judicial District Court of Harris County, Texas.  A copy of the Plaintiffs' Original Petition filed in State Court, along with a Citation and Case Information Statement, are attached hereto as **Exhibit B**, which is a true and correct copy of all pleadings and documents served upon Defendant in accordance with 28 U.S.C. §1446(a). A certified copy of all pleadings on file with the 190th Judicial District Court of Harris County, Texas is attached hereto as **Exhibit C**.

II.

For the reasons that follow, WNFIS and Wright National hereby remove this case from the 190th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Art. IX; and 28 U.S.C. §§ 1331, 1441 and 1446.

A.      **REVIEW OF THE PLAINTIFFS' ORIGINAL PETITION**

1.      As alleged, this is an action on a Standard Flood Insurance Policy ("SFIP") issued

by a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, seeking a recovery under the SFIP for damages resulting from Tropical Storm Harvey.

2.      Plaintiffs' Original Petition alleges in pertinent part as follows:

4.1      At all times pertinent hereto, Plaintiffs resided at 7003 Deerwood Drive, Richmond, 77406 (hereinafter referred to as "the Residence"). On February 9, 2017, Plaintiffs renewed his flood insurance policy through TDIA, the insurance agent for Wright. The insurance policy was issued by Wright, bearing policy number 42 1150786392 05 (the "Policy"). The Policy was effective from February 9, 2017 to February 9, 2018. Plaintiffs paid the $475 premium and in return, Wright fully insured Plaintiffs' Residence with maximum policy limits of $250,000.00 for Buildings and $100,000.00 for Contents. Plaintiffs have paid for this full coverage for the previous six years through TDIA and have never been reduced from this maximum coverage.

4.2      On February 17, 2017, after Plaintiffs already paid their premium for the full $250,000.00/$100,000.00 coverage, Wright notified Plaintiffs that it was decreasing its coverage amount. Plaintiffs were also notified by TDIA that their coverage would be lowered because FEMA relocated Plaintiffs' residence in a flood plain. Plaintiffs were then informed by their mortgage company that the reduction in coverage was not sufficient to insure the Residence. As a result, TDIA informed Plaintiffs to obtain an elevation certificate to determine whether Plaintiffs were actually in a flood plain.

4.3      On March 20, 2017, Plaintiffs hired Elevation Engineering Company and obtained a risk elevation certificate. The certification shows that Plaintiffs' Residence is not a risk for flooding as it is not in the flood zone and is elevated. Plaintiffs provided this certificate to their mortgage and TDIA. Plaintiffs' mortgage company was satisfied with the results and did not require any additional flood coverage. With this finding, Plaintiffs understood that there would be no increased premiums or mandatory flood insurance policy from Defendants and that the $250,000.00/$100,000.00 coverage would be in effect.

4.4      On May 17, 2017, FEMA issued a letter to Plaintiffs providing them with a breakdown of their coverage. This correspondence stated that Plaintiffs' Residence was insured for up to $250,000 of building coverage and $100,000 in contents coverage. Plaintiffs operated under the belief that they were insured for flood damage at this amount. The letter references the Policy as the policy that is insuring the Residence with this coverage.

At no point in time, did Plaintiffs want to reside at the Residence without flood insurance.

4.5     On August 27, 2017, Tropical Storm Harvey pounded Richmond, Texas with heavy rain, causing flooding all over the area. Plaintiffs' neighborhood flooded and brought over two feet of water in their Residence. Plaintiffs' damages exceeded the Policy limits for both the Building and the Contents. While this damage was devastating to Plaintiffs, they were fortunate enough to be one of the few impacted Texas residents that carried flood insurance.

4.6     Plaintiffs made a claim, under claim number 17-0026788, on the Policy and were subsequently informed by TDIA that the Policy had been cancelled and that a policy with lesser coverage would apply. This was unacceptable to Plaintiffs as they knew they required more coverage and had taken then necessary steps to ensure they were covered for the maximum allowable policy limits.

4.7     Plaintiffs complied with all provisions and conditions necessary to retain the coverage provided under the Policy, yet TDIA and Wright failed to abide by their obligations and wrongfully terminated the Policy. Wright and TDIA should place the Policy in effect and allow a claim to be evaluated under the Policy.

(Exhibit B, Plaintiffs' Original Petition at pp. 2-4, ¶¶ 4.1 through 4.7 (footnoted omitted)).

3.     Plaintiffs' Original Petition is alleged in Four Counts. (*Id.* at pp. 4-6).

4.     The First Count of Plaintiffs' Original Petition, entitled "Declaratory Action Against Wright And TDIA", alleges that "Wright issued policy number 42 1150786392 05 to Plaintiffs for the policy period of February 9, 2017 to February 9, 2018, with limits of $250,000 for Buildings and $100,000 for Contents"; that "Plaintiffs paid the requisite premium for this coverage"; that "[s]hortly after Tropical Storm Harvey, Plaintiffs made a claim on the Policy for the damage to their Residence"; that "Plaintiffs were informed as recent as May 2017 that they were insured for the $250,000.00/$100,000.00"; that "Wright and TDIA failed to honor their agreement"; that "Wright and TDIA have informed Plaintiffs that they were never to have been covered under the Policy and refuse to honor any coverage limits under the Policy"; and that

4

"Plaintiff moves to enforce the Policy issued by Wright and purchased through TDIA as the flood insurance policy that would control Plaintiffs' loss caused by Tropical Storm Harvey." (Exhibit B, Plaintiffs' Original Petition at p. 4, ¶¶ 5.1 through 5.3).

5.      The Second Count of Plaintiffs' Original Petition, entitled "Breach Of Contract", alleges in part that "Plaintiffs and Defendant WRIGHT entered into a valid and enforceable contract i.e., the Policy"; that "WRIGHT breached the terms and/or conditions of the Policy by wrongfully denying Plaintiffs' claim"; that "WRIGHT, by and through TDIA, its agent, servant and/or employee, denied all of or partially denied the underlying flood damage claim in order to avoid paying benefits under the Policy"; that "Plaintiffs filed their claim which was wrongfully denied by WRIGHT"; and that "Defendant's breach was the proximate cause of the injuries to Plaintiff." (Exhibit B, Plaintiffs' Original Petition at pp. 4-5, ¶ 5.5).

6.      The Third Count of Plaintiffs' Original Petition, entitled "Bad Faith", alleges in part that "Plaintiffs purchased a flood insurance policy from Defendant TDIA and WRIGHT to insure damages to their dwelling"; that "Defendants owed Plaintiffs a duty of good faith and fair dealing"; that "Defendant breached its duty of good faith and fair dealing by unjustly denying coverage under the policy when they knew or should have known that coverage of the claim was reasonably clear"; and that "[t]he bad faith actions of Defendants were the proximate cause of the Plaintiffs' damages." (Exhibit B, Plaintiffs' Original Petition at p. 5, ¶ 5.10).

7.      The Fourth Count of Plaintiffs' Original Petition purports to allege a claim for "Fraud And Negligent Misrepresentation." (Exhibit B, Plaintiffs' Original Petition at p. 6, ¶¶ 5.12 through 5.13).

8.      Plaintiffs' Original Petition alleges that "Plaintiffs are seeking damages greater than $200,000.00, but not more than $1,000,000.00 including, but not limited to, Plaintiffs'

actual damages, policy benefits, pre-judgment interest, post-judgment interest, court costs, attorney's fees, treble damages, statutory interest, mental anguish damages, and exemplary damages." (Exhibit B, Plaintiffs' Original Petition at p. 7, ¶ 6.2).

**B.    THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

9.    Congress underwrites all operations of the NFIP through the U.S. Treasury.  This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").  *See Muncy v. Selective Ins. Co. of Am.*, No. CIV.A. 0:05CV220-HRW, 2007 WL 2229224, at *1 (E.D. Ky. July 31, 2007).

10.    Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy.  *See* 42 U.S.C. § 4013(a).  Decades ago, FEMA exercised its authority under § 4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the Standard Flood Insurance Policy ("SFIP"), itself, which is found at 44 C.F.R. Pt. 61, App. A.

11.    Pursuant to Congressional authorization found at 42 U.S.C. § 4071(a)(1), FEMA uses "Write-Your-Own" companies like Wright National to aid it in its statutory duty to administer the National Flood Insurance Program.  *See also* 42 U.S.C. § 4081(a) (permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. § 62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

12.    Wright National, as a WYO Program carrier, is authorized to issue the SFIP, which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(1), on behalf of the federal

government.   These forms of the flood policy are incorporated into the Code of Federal Regulations at 44 C.F.R. § 61.13(a).   "[T]he exact terms and conditions of NFIP policies and eligibility for federal flood insurance are dictated by federal law."   *Spong v. Fid. Nat. Prop. & Cas. Ins. Co.*, 787 F.3d 296, 299 (5th Cir. 2015).

13.     Wright National cannot waive or alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. § 61.13(d); 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

14.     Wright National's role as a WYO Program Carrier is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government, and it does so in its "fiduciary" capacity as "fiscal agent" of the United States.   *See* 44 C.F.R. § 62.23(f); 42 U.S.C. § 4071(a)(1).

15.     Since 1983, Write-Your-Own Program companies have issued Standard Flood Insurance Policies in their names collecting premiums in segregated accounts from which they pay claims and make necessary refunds under those policies.   *See* 44 C.F.R. §§ 61.13(f), 62.23(a).   Premiums collected from policyholders by the Write-Your-Own Program companies are, after deduction of the companies' fees and administrative costs, deposited in the National Flood Insurance Fund in the United States Treasury. *See* 42 U.S.C. § 4017.

16.     The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own carriers participating in the National Flood Insurance Program are all governed exclusively by federal law, not state law:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) (citation omitted).

17.     As codified in the Code of Federal Regulations, the SFIP expressly states that "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law."  44 C.F.R. pt. 61, app. A(1), art. IX.

18.     Based upon the forgoing, it is clear that the NFIP, the SFIP, and WYO Program carriers participating in the NFIP are all governed by federal law, not state law.

**C**.     **FEDERAL QUESTION JURISDICTION**

19.     42 U.S.C. § 4072 confers "original exclusive jurisdiction" upon this Court over all claims involving administration of the SFIP, including claims for payment under an SFIP for flood losses.  This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO Program Carrier like Wright National.

20.     In another case involving similar claims against a WYO Program Carrier alleging breach of a flood insurance contract and state-law claims for failure to pay the full amount of benefits owed under a SFIP, the Southern District of Texas recently noted as follows:

> Federal courts have original, exclusive jurisdiction over a breach of contract suit against the Director of the Federal Emergency Management Agency ("FEMA") seeking payment of additional flood insurance benefits under a Standard Flood Insurance Policy ("SFIP"). 42 U.S.C. § 4072. Section 4072 ("Adjustment and payment of claims; judicial review; limitations; jurisdiction"), provides,
>
>> In the event the program is carried out as provided in section 1340 [42 U.S.C. § 4071], the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial

> disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.
>
> Furthermore, effective December 31, 2000 an amendment to the SFIP added the following language to Article IX ("What law Governs") of the standard flood insurance policy: "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the national Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*), and Federal common law." 44 C.F.R. Part 61, App. A. Art. IX (2001).
>
> Several Circuit Courts of Appeals have held that § 4072 also applies to lawsuits against private insurers who issue SFIPs under the Write Your Own ("WYO") program. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 947 (6th Cir. 2002); *Van Holt v. Liberty Mut. Fire Ins.Co.*, 163 F.3d 161, 166–67 (3d Cir. 1998).

*Jianhua Ling v. Farmers Ins. Grp.*, No. CV H-16-2961, 2017 WL 451222, at *6, n. 1 (S.D. Tex. Feb. 2, 2017).

21.    The United States District Court for the Southern District of Texas, Houston Division has original exclusive jurisdiction over the instant litigation arising out of the NFIP pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, Appendix A(1), Article VII(R), which vests in the United States District Court for the district in which the insured property is located with exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim or policy administration under the NFIP.  *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

22.    The payment that Plaintiffs seek in this lawsuit would constitute a direct charge on the public treasury, and would be binding upon the federal government.  *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005); 44 C.F.R. § 62.23(f).

23.     This Court therefore has original exclusive jurisdiction over the instant claims alleged against WNFIS (Wright National) pursuant to 42 U.S.C. § 4072.

24.     Moreover, as the Plaintiffs make a claim for benefits under the SFIP, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). *See Spong v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 787 F.3d 296, 303 (5th Cir. 2015) ("This is a claim for benefits under a federal flood insurance policy over which the district court had federal-question jurisdiction." (citing *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 172 (5th Cir. 2009)).

25.     "[F]ederal question jurisdiction arises" in cases where (as here) "state-law claims 'implicate significant federal issues.'" *Bd. of Directors of Rough Riders Landing Homeowners Ass'n, Inc. v. Signature Grp., LLC*, 989 F.Supp.2d 239, 242 (E.D.N.Y. 2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005)).  The claims alleged by Plaintiffs raise substantial issues of federal interest that require interpretation of the National Flood Insurance Act (NFIA), 42 U.S.C. §§ 4001 *et seq.* and its implementing regulations.

26.     Federal question jurisdiction pursuant to 28 U.S.C. § 1331 does not require that the Plaintiff's complaint / petition plead a federal cause of action.  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005).  Instead, the complaint / petition must only involve a "controversy respecting the construction and effect of the [federal] laws" which is "sufficiently real and substantial."  *Id.* at 316 (noting that the U.S. Supreme Court has "recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues" and that "[t]he doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state

law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues" (545 U.S. at 312)); *see also Drawhorn v. Qwest Commc'ns Int'l, Inc.*, 121 F. Supp. 2d 554, 562 (E.D. Tex. 2000).

27.     The meaning and application of the NFIA and the administration of the National Flood Insurance Program (NFIP) are substantial issues of federal interest that involve the construction and effect of federal laws and regulations.  Plaintiffs' Original Petition asserts claims involving the administration of a Standard Flood Insurance Policy, that raise substantial federal questions under the NFIA and its supporting regulations, and that create federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441.

## D.     SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

28.     To the extent that any of the state law claims alleged by Plaintiffs (including the claims alleged against Texas Direct Insurance Agency) are not subject to federal jurisdiction, this Court can exercise supplemental jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367; *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 125 S. Ct. 2611, 2620 (2005).

## E.     ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

29.     28 U.S.C. § 1446(a) provides in part that "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal …, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in

such action."  Pursuant thereto, Wright National is filing this Notice of Removal in the United States District Court for the Southern District of Texas, Houston Division, which is the district and division within which the state court action is pending.  Additionally, a copy of all process, pleadings, and orders served upon Wright National is attached to this Notice of Removal.

30.     28 U.S.C. § 1446(b)(1) provides in part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, ..."  WNFIS's registered agent was served with the Citation and Plaintiff's Original Petition (attached hereto as **Exhibit B**) on October 6, 2017.  This Notice of Removal is timely filed within 30 days after the receipt by WNFIS, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, in accordance with 28 U.S.C. § 1446(b)(1).

31.     28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

32.     In accordance with 28 U.S.C. § 1446(b)(2)(A), counsel for WNFIS and Wright National has conferred with counsel for co-defendant Texas Direct Insurance Agency L.P. ("TDIA") and confirmed that TDIA consents to the removal of this action.[5]  By letter dated October 30, 2017, attached hereto as **Exhibit J**, counsel for TDIA confirmed that TDIA consents to the removal of the state court action to the Southern District of Texas, Houston Division.

33.     In accordance with 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, WNFIS and Wright National are this day giving written notice thereof to all adverse

---

[5] TDIA was served with the Citation and Plaintiffs' Original Petition on October 6, 2017, as noted in the record of the 190th Judicial District Court of Harris County, Texas, filed herewith as **Exhibit C**.

parties, and also filing a copy of this Notice of Removal with the Clerk of the 190th Judicial District Court of Harris County, Texas.

III.

WHEREFORE, WNFIS and Wright National hereby give notice that this action has been removed from the 190th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Dated:  October 30, 2017                    Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By:     /s/   *Bradley K. Jones*
        Bradley K. Jones
        State Bar No. 24060041
        Federal ID No. 931122
        811 Main Street, Suite 1100
        Houston, Texas 77002
        Telephone:     (713) 751-1600
        Facsimile:      (713) 751-1717
        E-mail:  bkjones@bakerlaw.com

AND

**FREEBORN & PETERS LLP**
Alexander S. de Witt (VSB # 42708)
411 East Franklin Street, Suite 200
Richmond, VA 23219
Telephone:     (804) 644-1300
Facsimile:      (804) 644-1354
E-mail: adewitt@freeborn.com

*COUNSEL FOR DEFENDANT WRIGHT NATIONAL FLOOD INSURANCE SERVICES, LLC AND WRIGHT NATIONAL FLOOD INSURANCE COMPANY*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2017, a true copy of the foregoing NOTICE OF REMOVAL has been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using this Court' CM/ECF system and/or registered email.

Jason C. Webster, Esq.
Heidi O. Vicknair, Esq.
Omar R. Chawdhary, Esq.
David A. Spradling, Esq.
The Webster Law Firm
6200 Savoy, Suite 150
Houston, TX 77036
Email: filing@thewebsterlawfirm.com
*Counsel for Plaintiffs*

/s/ Bradley K. Jones
Bradley K. Jones